**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

MARC ALAN REICHBART and, MICHAEL
GARTNER, individually, and on behalf of all
others similarly situated,                          Case No. _____

      Plaintiffs,

v.

HEAR.COM, LLC,

      Defendant.

_____/

**PLAINTIFF'S DISCLOSURE STATEMENT (CIVIL) UNDER
RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

> The disclosures in this statement will contribute to evaluating judicial recusal and diversity of citizenship. A summary of the law of recusal and citizenship accompanies this statement. Each party must revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy. The privacy protection of Rule 5.2, Federal Rules of Civil Procedure, applies to the disclosures.

**Recusal Information**

1. If the filer is a non-governmental corporation, identify any parent corporation and any publicly held corporation holding 10% or more of the filer's shares.

The filers are individuals.

2. Identify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect.

Based on information presently available, Plaintiff identifies **Hear.com USA Parent LLC** and **WS Audiology** as non-party entities that may have an interest in the outcome of this action based on their corporate relationship with Defendant hear.com LLC. Based on information presently available, hear.com USA Parent LLC appears to be a U.S. parent or holding company affiliated with Defendant hear.com LLC. Plaintiff is not presently able to determine whether hear.com USA Parent LLC is the direct parent of Defendant hear.com LLC. WS Audiology A/S appears to be an affiliated entity within the same corporate group as Defendant hear.com LLC and

1

may be an indirect parent or ultimate parent entity. Based on information presently available, Plaintiff is not able to determine whether WS Audiology A/S is the direct parent of hear.com LLC. Plaintiff is not presently aware of any other non-party natural person or entity, other than putative class members, whose interest the action's outcome might substantially affect.

3. Identify any lawyer — other than counsel of record — who serves or has served in the action as a lawyer for the filer, who is financially interested in the action, or who might appear as a material witness in the action.

Plaintiffs are unable to identify any lawyer responsive to this disclosure based on information presently available. Other than counsel of record, Plaintiffs are not aware of any lawyer who serves or has served in this action as a lawyer for Plaintiffs, who is financially interested in the action, or who might appear as a material witness in the action.

4. If this is a bankruptcy appeal, identify the debtor, the trustee, and the members of the creditors' committee.

    N/A

5. Identify any entity or natural person not already disclosed and likely to actively participate in this action.

Plaintiffs are not presently aware of any non-party entity or natural person, not already disclosed, that is likely to actively participate in this action. Plaintiffs have identified Google LLC, TikTok, Inc., ByteDance Ltd., Microsoft Corporation, and X Corp. as non-party recipients of the alleged data transmissions, and those entities may be third-party discovery recipients, but Plaintiffs do not presently understand them to be entities likely to "actively participate" in the action.

6. Identify any conflict of interest affecting the district judge or the magistrate judge in this action.

Plaintiffs are not aware of any conflict of interest affecting the district judge or magistrate judge in this action.

### **Citizenship Information**

> If the filer is a **natural person**, the filer must identify the filer's citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.
>
> If the filer is a **corporation**, the filer must identify every state and foreign state of incorporation and its principal place of business.
>
> If the filer is a **limited liability company** or **other unincorporated entity**, the filer must identify each member and the citizenship of each member and, if a member is another unincorporated entity,

1. If a pleading or notice of removal asserts diversity jurisdiction under 28 U.S.C. § 1332(a) or supplemental jurisdiction under 28 U.S.C. § 1367(a), state the filer's citizenship.

   Plaintiffs Marc Alan Reichbart and Michael B. Gartner are citizens of Florida.

2. If this is a class action under 28 U.S.C. § 1332(d), state the filer's citizenship. If the filer is an unincorporated association, identify the association's principal place of business and the state under whose laws the association is organized.

   Plaintiffs Marc Alan Reichbart and Michael B. Gartner are citizens of Florida. Plaintiffs are natural persons, not unincorporated associations.

## Certificate

The filer certifies that the disclosures in this statement are complete and accurate to the best of the filer's knowledge, information, and belief. The filer agrees to revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy.

Dated: May 15, 2026

Respectfully submitted,

By: */s/ Adam A. Schwartzbaum*

Adam Schwartzbaum, Esq.
Florida Bar No. 93014
**SCHWARTZBAUM**
14 NE 1st Ave Ste 705
Miami, FL 33132
Telephone: 786-454-8485
Primary Email: adam@schwartzbaum.com
Secondary Email:
admin@schwartzbaum.com

*Counsel for Plaintiff and the Proposed Class*

3