UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-23441-ALTMAN

MARC ALAN REICHBART, *et al.*,

      *Plaintiffs*,

v.

HEAR.COM, LLC.,

      *Defendant.*

_____/

## <u>ORDER</u>

The parties have filed a Joint Motion to Expedite Briefing and Stay the Case Pending Arbitration (the "Motion") [ECF No. 18]. The parties tell us that the "Defendant intends to file a motion to compel arbitration on July 10, 2026[.]" Motion at 1. Accordingly, "the Parties have met and conferred and agreed that it would best preserve the parties' and judicial resources for the Court to rule on the jurisdictional issues raised in the motion to compel arbitration before briefing on the merits and class and merits discovery." *Ibid.* The parties therefore request that we stay merits and jurisdictional discovery pending our resolution of the Defendant's forthcoming motion to compel arbitration. They also ask us to set a briefing schedule for the motion to compel arbitration.

"The Federal Arbitration Act, 9 U.S.C. §§ 1–16, 201–08, §§ 301–07, 'clearly states, without exception, that whenever suit is brought on an arbitrable claim, the Court shall upon application stay the litigation until arbitration has been concluded.'" *Sancruzado v. Flipps Media, Inc.*, 2024 WL 5264409, at *1 (S.D. Fla. Jan. 9, 2024) (Altman, J.) (quoting *VVG Real Estate Invs. v. Underwriters at Lloyds, London*, 317 F. Supp. 3d 1199, 1203 (S.D. Fla. 2018) (Bloom, J.)). Accordingly, "courts have routinely stayed discovery into the underlying merits of the case when a motion to compel arbitration has been filed in good faith." *Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *2 (M.D. Fla. Feb. 14, 2008)

(Klindt, J.). We think that principle is equally applicable where, as here, "it would be a waste of time and expense to require the [p]arties to exchange documents and interrogatories and depose witnesses when [we] may very well determine that the contract requires an arbitrator to resolve this dispute." *Brooks v. Event Ent't Grp., Inc.*, 2020 WL 5535346, at *1 (S.D. Fla. Sept. 15, 2020) (Scola, J.). "And we may stay jurisdictional discovery on a showing of good cause." *Fiorentino v. Marche*, 2023 WL 11877618, at *1 (S.D. Fla. Nov. 29, 2023) (citations omitted).

In our case, both parties consent to limiting discovery (at least initially) to the arbitration issue and agree that doing so would "preserve the parties' and judicial resources[.]" Motion at 1. "Because resolution of the arbitration issue may dispose of the entire action, limiting discovery in this way would further our interests in judicial economy and prevent the parties from expending unnecessary resources on potentially wasteful discovery." *Fiorentino*, 2023 WL 11877618, at *1.

Pursuant to our "broad discretion in deciding how to best manage the cases before [us]," *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997), which includes "discretion to stay proceedings as an incident to [our] power to control [our] own docket," *Clinton v. Jones*, 520 U.S. 681, 683 (1997), we'll limit the initial phase of discovery to arbitration-related issues. If we ultimately decide not to send this case to arbitration, we'll give the Plaintiffs an opportunity to conduct jurisdictional discovery and then direct the parties to brief those jurisdictional issues. *Cf. Sizemore v. Zhao*, 2023 WL 5087341, at *2 (S.D. Fla. Aug. 8, 2023) (Altman, J.). And, if the case is still before us after we resolve those jurisdictional issues, we'll enter a scheduling order setting a timeline for merits discovery.

We therefore **ORDER and ADJUDGE** as follows:

1. The Motion [ECF No. 18] is **GRANTED**.

2. The Defendant must file its motion to compel arbitration by **July 10, 2026**. The Plaintiffs must file their response in opposition by **July 24, 2026**. The Defendant must file its reply

by **July 31, 2026**.

3. The parties must conclude all arbitration-related discovery by **July 20, 2026**.

4. Discovery as to all other issues, including jurisdiction-related, class-related, and merits-related discovery, is **STAYED** pending our resolution of the arbitration issue. This case shall remain **CLOSED** for administrative purposes. All other deadlines are **TERMINATED**.

**DONE AND ORDERED** in the Southern District of Florida on July 9, 2026.

_____

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record